21-193

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

CLINTON STRANGE,

*Plaintiff*

v.

BARCLAYS BANK DELAWARE,

a Delaware Domestic Bank Corporation

*Defendant*

## CIVIL ACTION COMPLAINT
## FOR VIOLATIONS OF:
## THE FAIR CREDIT REPORTING ACT OF 1970

~~~JURY TRIAL DEMANDED~~~

### PRELIMINARY STATEMENTS:

1. Plaintiff CLINTON STRANGE ("PLAINTIFF") brings this action in good faith against Defendant BARCLAYS BANK DELAWARE ("DEFENDANT" or "BARCLAYS"), which is a Delaware Domestic Bank Corporation for alleged negligent and or willful & knowing violations of the Federal Fair Credit Reporting Act of 1970 ("FCRA").

2. Plaintiff seeks a maximum recovery of both statutory damages and injunctive relief enjoining Defendant from future violations together along with post judgment interest on judgment and all costs, expenses, and fees associated with bringing and litigating the action.

### JURISDICTION & VENUE:

3. Jurisdiction primarily arises in this U.S. District Court under a Federal Question as the FCRA is a Federal Law pursuant to 28 U.S.C. § 1331.

4. Venue lies proper in this U.S. District as the Defendant can be found here, is incorporated here, and primarily transacts business with U.S. Consumers Nationwide from within this U.S. District pursuant to 28 U.S.C. § 1391.

### THE PARTIES:

5. **Plaintiff CLINTON STRANGE** is an adult individual residing at the address of:

   CLINTON STRANGE
   7021 WINBURN DRIVE
   GREENWOOD, LA 71033

6. **Defendant BARCLAYS BANK DELAWARE** is a Delaware Domestic Bank Corporation that maintains a Registered agent listed as:

   CORPORATION SERVICE COMPANY
   c/o: BARCLAYS BANK DELAWARE
   251 LITTLE FALLS DRIVE
   WILMINGTON, DE 19808

### FACTUAL ALLEGATIONS:

<u>Historical Background</u>

7. Between the approximate dates of 2014 and 2018 the Plaintiff *in happier times* and in better health applied for and was subsequently approved for a Credit Card offered by the Defendant. Plaintiff succumbed some years later to his Service-Connected Disabilities and began to fall behind on payments. Plaintiff eventually defaulted on alleged debt obligations owed to Defendant and later Defendant sued Plaintiff in Louisiana State Court to recover a low 5-Figure Amount. Plaintiff alleged to have experienced negative and or distasteful "debt collection experience/s" by certain parties acting by or on behalf of Defendant so Plaintiff filed a "Reconventional Demand" (Louisiana's Version of a Counter-Claim). The Plaintiff represents that sometime around early January 2020 the

Parties noticed a settlement and global dismissal w/ prejudice "on one-another" on/to the Court, and the parties moved on. The account was deleted as a "tradeline" across all 3 Major Credit Bureaus inclusive of TransUnion.

8. Near or about around this January 2020 time-period the Plaintiff had TransUnion add his profile to the non-promote list ("Promotional Opt-Out List").

### Future Joined Parties Section

9. Plaintiff is aware of this Courts' and that of other Court's loathing for "shot-gun-pleadings" so Plaintiff at this time will not be naming absent *firm* evidence indicative of liability any other parties that *could* be named.

### Event Occurring May, 8th, 2020

10. On May 8, 2020 the Plaintiff was granted Total Disability based on Individual Unemployability – Permanent & Total – Static & Non-Reviewable by the U.S. Department of Veterans Affairs [See Exhibit A- Under Seal].

11. On that *SAME DAY* the Defendant made a credit inquiry (accessed the Plaintiff's TransUnion Consumer Credit Report) [See Exhibit B].

12. Plaintiff has never been told *why* despite repeated requests to Defendants, TransUnion, and Defendant's Counsel in the Louisiana Debt Collection Suit.

### Events Occurring After May 2020

13. Plaintiff served a dispute of the Credit Inquiry on TransUnion, and also with the original creditor Barclays's. Barclay's had an employee "reach out" to Plaintiff" to acknowledge receipt of the dispute letter, but said employee failed to follow up as promised.

14. TransUnion mailed a pre-printed template form letter to Plaintiff (in response to above dispute) that was an wholly unsatisfactory response on October 22, 2020 [See Exhibit C].

15. In fairness to TransUnion he (Plaintiff) points out that TransUnion did remove the Credit Inquiry from his TransUnion Consumer Credit report.

### Events Occurring January 8, 2021

16. Plaintiff represents that on January 8, 2021 that Defendant *again* accessed his TransUnion consumer credit report without a permissible purpose in violation of the FCRA [See Exhibit D].

### THE COUNTS:
### COUNT I:
### (Plaintiff v. Defendant)
### Negligent Violations of the Fair Credit Reporting Act of 1970

17. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

18. Defendant Barclays is liable to the Plaintiff for negligent violations of the FCRA.

19. Defendant did not have a permissible purpose to access the Plaintiff's TransUnion Consumer Credit Report and by doing so violated the Plaintiff's rights to financial and or Consumer privacy.

20. Defendant Barclays is liable to the Plaintiff Clinton Strange for at least $1,000.00 (One Thousand Dollars) per violation.

21. Defendant had no permissible purpose under 15 U.S.C. § 1681a(d)(1). The FCRA provides: *"A person shall not use or obtain a consumer report for any purpose unless— (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in*

*accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."*

22. There were at least two (2) violations. The first on May 8, 2020 and the second on January 8, 2021.

## COUNT II:
## (Plaintiff v. Defendant)
### Willful & Knowing Violations of the Fair Credit Reporting Act of 1970

23. Plaintiff incorporates all the foregoing paragraphs as though the same were set forth at length herein.

24. Defendant Barclays is liable to the Plaintiff for violations of the FCRA.

25. Defendant had no permissible purpose under 15 U.S.C. § 1681a(d)(1). The FCRA provides: *"A person shall not use or obtain a consumer report for any purpose unless— (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."*

26. Defendant Barclays is liable to the Plaintiff Clinton Strange for at least $1,000.00 (One Thousand Dollars) per violation. There were at least two (2) violations. The first on May 8, 2020 and the second on January 8, 2021.

27. To the extent that the Court or trier of fact finds that the Defendant's conduct was willful & knowing in nature the Plaintiff seeks punitive damages in the amount of 10 x's Statutory damages not to exceed $ 10,000.00 (Ten Thousand U.S. Dollars) per violation – not to exceed $20,000.00 (Twenty Thousand U.S. Dollars).

## PRAYER FOR RELIEF:

~~~**JURY TRIAL DEMANDED PURSUANT TO THE 7TH U.S. AMENDMENT**~~~

**WHEREFORE,** Plaintiff seeks damages and Judgment in favor of Plaintiff against Defendant in the form of the following requested relief as listed below:

Statutory Damages;

Actual Damages;

Punitive Damages;

Enjoinder From Future Violations;

Reasonable Attorney's Fees (if any);

Costs of Suit;

Expenses Associated with Bringing & Litigating Action to Judgment;

Post Judgment Interest on Judgment;

, and such other and further Relief that the Court deems Necessary Just & Proper.


Respectfully Submitted,

X_____*[signature]*_____       2-6-2021

Clinton Strange                                        Dated

*Pro Se*

7021 Winburn Drive

Greenwood, LA 71033

(318) 423-5057

Litig8.Dat.Mess@gmail.com






Clinton Strange
7021 Winburn Dr
Greenwood, LA 71033-3215

Office of The Clerk,
United States District Court
844 North King Street, Unit 18
Wilmington, DE 19801-3570

FILED
2021 FEB 11 PM 2:58
CLERK, U.S. DISTRICT COURT
DISTRICT OF DELAWARE